UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTON LIPSCOMB,<br><br>   Plaintiff,<br><br>   v.<br><br>EDWARDS AIR FORCE BASE, *et al.*,<br><br>   Defendants. | Case No.: 1:24-cv-01308-JLT-CDB<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 6)<br><br>**14-DAY DEADLINE** |

**Background**

Plaintiff Brenton Lipscomb ("Plaintiff") initiated four actions with the filing of four separate complaints and associated applications to proceed *in forma pauperis* on October 25, 2024. (Docs. 1, 2). *See* Case Numbers: 1:24-cv-01305-JLT-CDB ("Action 1305"), 1:24-cv-01306-CDB ("Action 1306"), 1:24-cv-01307-CDB ("Action 1307"), and 1:24-cv-01308-JLT-CDB ("Action 1308") (collectively, "Actions 1305-1308"). Plaintiff's complaints in these actions allege substantially similar facts and nearly identical causes of action against related defendants. *See* (Doc. 1).

On October 30, 2024, the Court ordered Plaintiff to show cause why (1) all four actions should not be consolidated, and in the alternative, (2) why three of the actions (Action 1305, Action 1306, and Action 1307) should not be dismissed, with Action 1308 remaining as the

1

1 operative case. (Doc. 3). Plaintiff filed a substantially identical response to the Court's order in all four actions, in which he requests consolidation and appears to acknowledge the cases are all related to each other. (Doc. 5 at 2-3).

On November 26, 2024, the undersigned entered Findings and Recommendation to dismiss Action 1305, Action 1306, and Action 1307 as duplicative of the instant action, and allow Action 1308 to proceed as the action encompassing the broadest set of allegations applicable to all defendants and claims. (Doc. 7) Actions 1305-1307.

**Applications to Proceed *In Forma Pauperis***

Plaintiff did not pay the filing fee in any of the named actions and, instead, applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2) Actions 1305-1308. On October 30, 2024, because Plaintiff's applications demonstrated that his income and resources could be above the poverty threshold and the information provided was insufficient for the Court to determine whether he is entitled to proceed without prepayment of fees in this action, the Court ordered Plaintiff to file a long-form application. (Doc. 4) Actions 1305-1308. On November 20, 2024, Plaintiff filed identical long-form *in forma pauperis* applications in the named actions. (Doc. 6) Actions 1305-1308.

To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to poverty, the applicant is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's

1 discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

2 Plaintiff states in the applications that his total monthly income is $266.00 solely from unemployment benefits. *Id.* at 1-2. In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *E.g., Elmer v. Comm'r of Soc. Sec.*, No. 1:22-cv-01045-AWI-SAB, 2022 WL 5237463, at *2 (E.D. Cal. Sep. 21, 2022) (citing *Lint v. City of Boise*, No. CV09-72-S-ELJ, 2009 WL 114942, at *2 (D. Idaho. Apr. 28, 2009) (collecting cases)), *F&R adopted*, 2022 WL 9452375 (E.D. Cal. Oct. 14, 2022). Plaintiff does not claim a spouse or any dependents. (Doc. 6 p. 3), Actions 1305-1308. The 2024 Poverty Guidelines for the 48 contiguous states for a household of one is $15,060. 2024 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 27, 2024). Therefore, Plaintiff's reported income lies below the poverty threshold.

Plaintiff also claims monthly expenses of approximately $4,421.50, which starkly exceeds his reported income. (Doc. 6 p. 4) Actions 1305-1308. Plaintiff claims the following itemized monthly expenses: $2500.00 rent or home-mortgage payment; $300.00 utilities; $400.00 food; $25.00 laundry and dry-cleaning; $100.00 medical or dental expenses; $150.00 transportation; $12.50 homeowner's or renter's insurance; $35.00 life insurance; $764.00 motor vehicle installment payments; and $135.00 credit card ("Sears") installment payments. *Id.* at 4.

Plaintiff reports that he was last employed by "EAFB" from April 2022 to June 2023 with a gross monthly pay of $8,833.33. *Id.* at 2. Plaintiff does not expect any major changes to his monthly income or expenses or in his assets or liabilities during the next 12 months. *Id.* at 5. Plaintiff explains that he has "been unemployed since termination with no luck of landing a job." *Id.* Notably, Plaintiff states that he has $0.00 in bank account or in any other financial institution. *Id.* at 2.

Plaintiff's applications demonstrate that he is able to afford $4,421.50 in monthly expenses despite receiving only $288.00 monthly from unemployment benefits and purportedly having no money in any bank accounts or in any other financial institution. Therefore, Plaintiff's reported household income and pleadings do not suggest that Plaintiff is living in poverty.

**Conclusion and Order**

Accordingly, Plaintiff is **ORDERED** to make a supplemental filing within 14 days of entry of this order explaining the discrepancies noted above in his initial and long-form applications to proceed *in forma pauperis*. Alternatively, Plaintiff may pay the $405.00 filing fee for this action in full.

**Any failure by Plaintiff to timely comply with this order will result in a recommendation that Plaintiff's application to proceed *in forma pauperis* be denied.**

IT IS SO ORDERED.

Dated:   **November 27, 2024**   _____
UNITED STATES MAGISTRATE JUDGE