UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTON LIPSCOMB,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS AIR FORCE BASE, *et al.*,<br><br>Defendants. | Case No.: 1:24-cv-01308-JLT-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docs. 2, 6) |

**Background**

Plaintiff Brenton Lipscomb ("Plaintiff"), proceeding pro se, initiated four actions with the filing of four separate complaints and associated applications to proceed *in forma pauperis* on October 25, 2024. (Docs. 1, 2). *See* Case Numbers: 1:24-cv-01305-JLT-CDB ("Action 1305"), 1:24-cv-01306-CDB ("Action 1306"), 1:24-cv-01307-CDB ("Action 1307"), and 1:24-cv-01308-JLT-CDB ("Action 1308") (collectively, "Actions 1305-1308"). Plaintiff's complaints in these actions allege substantially similar facts and nearly identical causes of action against related defendants. (*See* Doc. 1). On November 26, 2024, the undersigned entered Findings and Recommendations that are now pending with the assigned district judge to dismiss Action 1305, Action 1306, and Action 1307 without leave to amend as duplicative of the instant action and allow Action 1308 to proceed as the action encompassing the broadest set of allegations applicable to all defendants and claims. (Action 1305, Doc. 7); (Action 1306,

Doc. 8); (Action 1307, Doc. 8).

### Motion to Proceed *In Forma Pauperis*

To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* ("IFP") and the application is sufficient if it states that due to poverty, the applicant is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

Plaintiff did not pay the filing fee in any of the named actions and, instead, applied to proceed IFP pursuant to 28 U.S.C. § 1915. (Actions 1305-1308, Doc. 2). On October 30, 2024, because Plaintiff's applications demonstrated that his income and resources could be above the poverty threshold and the information provided was insufficient for the Court to determine whether he is entitled to proceed without prepayment of fees in this action, the Court ordered Plaintiff to file a long-form IFP application. (Actions 1305-1308, Doc. 4). On November 20, 2024, Plaintiff filed identical long-form IFP applications in the named actions. (Actions 1305-1308, Doc. 6). On November 27, 2024, the Court entered order directing Plaintiff to make a supplemental filing within 14 days of entry of the order explaining discrepancies in his initial and long-form applications. (Doc. 7). Specifically, the Court noted Plaintiff's applications demonstrate that he is not living in poverty as he is able to afford $4,421.50 in monthly expenses despite receiving only $288.00 monthly from unemployment

benefits and purportedly having no money in any bank accounts or in any other financial institution. (*Id.* at 3).

In a supplemental filing dated December 9, 2024, Plaintiff represents the discrepancies in his applications to proceed IFP. (Doc. 8). Therein, Plaintiff represents that his "current life necessity expenses [of $4,421.50] have been graciously paid by his mother in a [contingent] loan form to ensure [P]laintiff does not become homeless, more indebted, and has the minimal to survive given [P]laintiff's economic crisis." (*Id.* ¶ 7). "If his mother cannot afford being a resource for the new month, the [P]laintiff will be destitute for the month." (*Id.* ¶ 9). Plaintiff represents that he no longer receives unemployment benefits, which was last received on or about February 2024. (*Id.* ¶ 10). Plaintiff represents that he does not report any expected or major changes to his monthly income or expenses, and that he is continuing to apply for jobs. (*Id.*). Plaintiff represents that his "financial obligation and expenses are locked and fixed for the next 12 months." (*Id.*). Plaintiff represents "it is clear the [P]laintiff is not able to afford to proceed in court with a filing fee and needs to proceed in forma pauperis." (*Id.*).

The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* shall be granted.

As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint where the plaintiff proceeds *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment.

Plaintiff's complaint will be screened in due course. If appropriate after the case has been screened, the Clerk of the Court will provide Plaintiff with the requisite forms and instructions to request the assistance of the United States Marshal in serving Defendants pursuant

Rule 4 of the Federal Rules of Civil Procedure.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Docs. 2, 6), for good cause appearing, is GRANTED.

IT IS SO ORDERED.

Dated: **December 17, 2024**

UNITED STATES MAGISTRATE JUDGE

4